**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| The American Automobile Association, Inc.,<br><br>                   Plaintiff,<br><br>          v.<br><br>AAA Auto & Truck Service LLC, Linelvis<br>Lara, and Marino Lara,<br><br>                   Defendants. | 17 Civ.  8808<br><br><br><br>**ECF CASE** |

## COMPLAINT

Plaintiff, The American Automobile Association, Inc. ("AAA"), brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants AAA Auto & Truck Service LLC, Linelvis Lara, and Marino Lara (collectively, "Defendants"):

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin, unfair competition, and cybersquatting in violation of Sections 32, 43(a), and 43(d) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), and 1125(d), and New York common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and New York state law, New York General Business Law § 360(l); and for deceptive trade practices in violation of the New York Consumer Protection Act, New York General Business Law § 349.  AAA seeks injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order enjoining Defendants from using AAA's

trademarks and ordering transfer of the domain names AAAUTOANDTRUCKCENTER.COM and AACARSSALES.COM (the "Infringing Domain Name") to AAA.

2.      This action arises from Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks and service marks (the "AAA Marks").  Defendants have used and continue to use the AAA Marks to identify their towing, automobile repair, and automobile sales business, AAA Auto & Truck Service LLC, without AAA's authorization and with full knowledge that they are not authorized to use those marks.

3.      Defendants' unlawful use of the AAA Marks is likely to cause consumers to believe, erroneously, that AAA has endorsed Defendants' services.  This erroneous belief jeopardizes the goodwill and tarnishes the reputation associated with AAA's Marks.  It confuses consumers who seek the reliable and dependable services of AAA.  And it unjustly enriches Defendants.

4.      Defendants' unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks. Defendants have diluted the AAA Marks' distinctive quality.

5.      Defendants have profited from their unauthorized use of the AAA Marks to the detriment of AAA and consumers.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 15 U.S.C. §§ 1116, 1121, and 1125, and under 28 U.S.C. §§ 1331, 1332, and 1338 because this case arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.

7.     This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338 and 1367, as well as under general principles of supplemental and pendent jurisdiction.

8.     On information and belief, Defendant AAA Auto & Truck Service LLC is subject to personal jurisdiction within the Southern District of New York because it is organized under the laws of, and operates in, this District, and Defendants Linelvis Lara and Marino Lara are subject to personal jurisdiction within the Southern District of New York because they conduct business and reside in this District.

9.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## PARTIES

10.     Plaintiff is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business at 1000 AAA Drive, Heathrow, Florida 32746.  AAA provides its more than 50 million members with products and services throughout the United States and Canada, including in New York.  AAA's services include travel and automobile products and services, including emergency roadside services, automobile repair services at its AAA Car Care Centers and AAA Approved automobile repair businesses, financial advice, insurance and warranty coverage, and discounts.  AAA provides its products and services through local AAA member clubs, including AAA Northeast.

11.     On information and belief, AAA Auto & Truck Service LLC is a limited liability company organized and existing under the laws of New York, with a principal place of business at 125 Dolson Avenue, Middletown, New York 10940.

12.     On information and belief, Defendant Linelvis Lara is an owner of AAA Auto & Truck Service LLC.

13.     On information and belief, Defendant Marino Lara is an owner of AAA Auto & Truck Service LLC.

14.     On information and belief, Defendants are the registrants of the Infringing Domain Name and registered, or caused to be registered, the Infringing Domain Name on behalf of Defendant AAA Auto & Truck Service LLC.  Defendants have used the Infringing Domain Name to host websites promoting the AAA Auto & Truck Service LLC business.

## FACTS ENTITLING AAA TO RELIEF

### A.  AAA's Widespread and Substantial Use of Its Registered AAA Marks

15.     Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is largely based on the quality and reliability of the products and services it offers through its AAA local clubs and member service offices.

16.     Although AAA's original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter. It established itself as an advocate for travel safety and road improvement.  It also became associated with reliable travel-related products and services—including emergency roadside and repair services.

17.     AAA has invested its resources—including for advertising campaigns and promotional efforts—to develop and foster the reputation, recognition, and goodwill associated with its products and services.

4

18.     AAA has used, and continues to use, the AAA Marks in interstate commerce to identify its products and services.  As a result, the AAA Marks have become famous in the United States, including in New York, in connection with AAA's products and services.

19.     Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks.  So AAA members and the public know that local businesses displaying AAA Marks maintain a reputation for quality, integrity, and reliability.

20.     Because AAA provides quality products and continuously advertises, promotes, and sells its products and services under the AAA Marks, those trademarks have acquired value and fame in the United States and throughout the world.  They are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services.  Indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

21.     AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 150 trademarks, including Marks that AAA has used since at least 1902, in connection with the products and services offered to its members.  The federal registrations Defendants are violating include:

a)  Reg. No. 829,265, for the AAA Mark, used in connection with emergency roadside services;

b)  Reg. No. 1,449,079, for the AAA APPROVED AUTO REPAIR & Design Mark, used in connection with automobile repair services;

c) Reg. No. 2,158,654, for the AAA & Design Mark, used in connection with automobile-related goods and services, including emergency roadside services and arranging for discount purchases and auto loan services;

d) Reg. No. 2,900,596, for the AAA PREMIER Mark, used in connection with automobile services, including providing information about vehicles for sale and vehicle brokerage services;

e) Reg. No. 2,935,481, for the AAA PREMIER & Design Mark, used in connection with automobile services, including providing information about vehicles for sale and vehicle brokerage services;

f) Reg. No. 3,426,468, for the AAA APPROVED AUTO REPAIR & Design Mark, used in connection with automobile repair services;

g) Reg. No. 3,604,164, for the AAA TOTAL REPAIR CARE Mark, used in connection with auto diagnosis and repair services; and

h) Reg. No. 5,036,379, for the AAA & Design Mark, used in connection with emergency roadside repair services.

Copies of the registration certificates for the above marks are available via the USPTO website: http://www.uspto.gov.

22.     Per 15 U.S.C. § 1057(b), the registration certificates for the AAA trademarks, including those marks identified above, constitute prima facie evidence of the validity of those registrations, of AAA's ownership of the trademarks in the registrations, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

23.     Under 15 U.S.C. § 1065, Reg. Nos. 829,265, 1,449,079, 2,158,654, 2,900,596, 2,935,481, 3,426,468, and 3,604,164 are incontestable.

**B.  Defendants' Unlawful Use of Plaintiff's AAA Marks**

24.     AAA never authorized Defendants to use its AAA Marks.

25.     But on information and belief, Defendants have knowingly and willfully violated—and continue to violate—AAA's rights in its famous and distinctive AAA Marks by using in commerce the business name AAA Auto & Truck Service LLC (and other similar names and marks) and the Infringing Domain Name after Plaintiff's AAA Marks had become famous in New York, the United States, and abroad.

26.     Defendants have promoted and continue to promote the AAA Auto & Truck Service LLC business on a website located at AAAUTOANDTRUCKCENTER.COM.

27.     Defendants registered AAA Auto & Truck Service LLC as a limited liability company with the NYS Department of State on June 22, 2016.

28.     On information and belief, in or around October 2016, a AAA member club, AAA Northeast, learned that Defendants were advertising emergency roadside and repair services under the AAA Auto & Truck Service LLC business name.

29.     On information and belief, also in or around October 2016, AAA Northeast requested that Defendants discontinue all use of the AAA Auto & Truck Service LLC business name.

30.     On information and belief, on November 10, 2016, Defendants informed AAA Northeast that they had changed the AAA Auto & Truck Service LLC business name to AA Auto & Truck Service and had eliminated their use of "AAA" in advertising.

31.     In or around June 2017, AAA learned that Defendants are still advertising emergency roadside and automobile repair services under the AAA Auto & Truck Service LLC business name, including under the following variations:  AAA Auto & Truck Service LLC, AAA Auto & Truck Services LLC, AAA Auto & Truck Service, AA Auto & Truck Service LLC, AA Auto & Truck Service, and AA Auto & Truck Services (collectively, "AAA Auto & Truck Service").  These services compete directly with services offered by AAA.

32.     Defendants are also using the AAA & Design Mark to promote their emergency roadside and repair services.

33.     On August 15, 2017, AAA sent a letter by certified mail to Defendants at their principal place of business, requesting that Defendants discontinue all use of the AAA Auto & Truck Service business name and mark, the AAA Marks, and any other confusingly similar marks, and to transfer registration of the AAAAUTOANDTRUCKCENTER.COM domain name to AAA.

34.     That same day, AAA successfully delivered an email containing an electronic copy of the August 15 letter to the email addresses listed on the WHOIS record for the AAAAUTOANDTRUCKCENTER.COM domain name, the website located at AAAAUTOANDTRUCKCENTER.COM, and the Facebook page for AAA Auto & Truck Service.

35.     On August 18, 2017, the U.S. Postal Service successfully delivered the August 15 letter to Defendants at their principal place of business.

36.     On September 8, 2017, Defendant Linelvis Lara stated during a telephone conversation with AAA that he would eliminate Defendants' uses of "AAA."

37.     On September 21, 2017, after seeing no changes to Defendants' uses of "AAA," AAA called Defendant Linelvis Lara to request an update.

38.     During that call, Defendant Linelvis Lara stated that he had "called" websites, such as Yelp, to request that they remove "AAA" from listings for AAA Auto & Truck Service and that he would register a new domain name for the business that did not include "AAA."

39.     That same day, AAA successfully delivered an email to the email address provided by Defendant Linelvis Lara, identifying places where Defendants continued to use "AAA" and outlining the steps necessary to remove or change those uses.

40.     On September 29, 2017, after seeing no changes to Defendants' uses of "AAA," AAA left a voicemail with Defendant Linelvis Lara requesting an update.

41.     Neither Defendant Linelvis Lara nor any other defendant responded.

42.     That same day, AAA successfully delivered an email to the email address provided by Defendant Linelvis Lara requesting an update.

43.     Neither Defendant Linelvis Lara nor any other defendant responded.

44.     On October 3, 2017, after seeing no changes to Defendants' uses of "AAA," AAA called Defendant Linelvis Lara at the number he previously provided to AAA to request an update.

45.     Neither Defendant Linelvis Lara nor any other defendant responded.

46.     That same day, AAA called Defendants' publicly listed business number to request an update.

47.     During that call, Defendant Linelvis Lara stated that he had purchased a new domain name that does not include "AAA" and that the AAA Auto & Truck Service website

would be moved to the new domain name by the next day.  Defendant Linelvis Lara also stated that he would transfer the AAAUTOANDTRUCKCENTER.COM domain name to AAA.

48.     That same day, AAA successfully delivered an email to the email address provided by Defendant Linelvis Lara, memorializing the earlier telephone call and requesting confirmation of the business's new domain name and the information needed to transfer the AAAUTOANDTRUCKCENTER.COM domain name to AAA.

49.     Neither Defendant Linelvis Lara nor any other defendant responded.

50.     That same day, Defendant Marino Lara registered a new domain name, AACARSSALES.COM.  The webpage at AACARSSALES.COM advertises Defendants' used car sales and related services under the name AAA Auto & Truck Service.

51.     On November 6, 2017, after seeing no changes to Defendants' uses of "AAA," AAA called Defendants to request an update.

52.     An employee of AAA Auto & Truck Service stated that Defendant Linelvis Lara was not available, but that she would pass along AAA's message that Defendants' uses of "AAA" must cease.

53.     Neither Defendant Linelvis Lara nor any other defendant responded.

54.     On information and belief, when Defendants' infringing use of the AAA Marks began and at all times thereafter, Defendants have known, or had reason to know, of AAA's rights in the AAA Marks.  And at all times they have known, or had reason to know, that AAA's Marks are famous and valuable.

55.     On information and belief, Defendants have knowingly and for profit engaged in the infringing use of the AAA Marks to attract consumers.  Defendants have known that consumers would likely believe, incorrectly, that Defendants' use of the AAA Marks

signifies that Defendants' business is sponsored or endorsed by, or otherwise associated or affiliated with, AAA.

56.     Defendants' infringing use has damaged, and continues to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

57.     Defendants' infringing use has lessened, and continues to lessen, the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA.

58.     Defendants' use of the AAA Marks has diluted, and continues to dilute, those marks' distinctive quality.

59.     Defendants' infringing use has been and continues to be of commercial value to Defendants.

60.     Defendants' infringing use has caused, and continues to cause, injury to AAA and to the goodwill and value of its AAA Marks.

**COUNT I**

**Federal Trademark Infringement**
**(Lanham Act § 32, 15 U.S.C. § 1114)**

61.     AAA incorporates all the preceding paragraphs.

62.     Defendants' infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' services in a manner likely to cause confusion, mistake, and deception.

63.     Defendants' unlawful conduct has been and continues to be willful, deliberate, and in bad faith.

64.     These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

65.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT II

### Federal False Designation of Origin and Unfair Competition
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

66.     AAA incorporates all the preceding paragraphs.

67.     Defendants' infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by Defendants.  This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

68.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

69.     Defendants' violation of this statute has caused and continues to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

70.     On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT III

### Cybersquatting
### (Lanham Act § 43(d), 15 U.S.C. § 1125(d))

71.  AAA incorporates all the preceding paragraphs.

72.  Defendants' infringing use violates Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), because (i) Plaintiff is the owner of the AAA Marks, which are registered in the United States Patent and Trademark Office and protected under Sections 43(a), (c), and (d) of the Lanham Act, 15 U.S.C. §§ 1125(a), (c), and (d); (ii) Defendants have registered, trafficked in, and/or used the Infringing Domain Name with a bad faith intent to profit from AAA's famous and distinctive AAA Marks; (iii) the Infringing Domain Name is confusingly similar to Plaintiff's AAA Marks and is dilutive of Plaintiff's AAA Marks; and (iv) Plaintiff's AAA Marks were distinctive and famous at the time of registration of the Infringing Domain Name.

73.  Defendants' unlawful conduct as set forth herein has been willful, deliberate, and in bad faith.

74.  Defendants' violation of this statute has caused and continues to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the Infringing Domain Name, further injuring AAA and confusing the public.

75.  On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT IV

### Federal Trademark Dilution
### (Lanham Act § 43(c), 15 U.S.C. § 1125(c))

76.     AAA incorporates all the preceding paragraphs.

77.     Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by impairing the ability of the AAA Marks to serve as unique identifiers and by tarnishing the good reputation associated with the AAA Marks.

78.     Defendants' unlawful conduct has been and continues to be willful, deliberate, and in bad faith.

79.     Defendants' violation of this statute has caused and continues to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

## COUNT V

### New York Trademark Dilution
### (N.Y. Gen. Bus. Law § 360(l))

80.     AAA incorporates all the preceding paragraphs.

81.     Defendants' infringing use, which commenced after Plaintiff's AAA Marks became famous, violates New York General Business Law Section 360(l).  Defendants' infringing use creates a likelihood of association with Plaintiff's famous AAA Marks because the uses are identical, or nearly identical, to Plaintiff's famous marks.  Defendants' acts are likely to cause dilution by blurring by impairing the distinctive quality of Plaintiff's famous AAA Marks.  In addition, Defendants' use of the AAA Marks is likely to cause dilution by tarnishment by

harming the reputation of the famous AAA Marks.  Specifically, Defendants' continued use of the AAA Marks in connection with their business may harm consumers' opinions of, and reliance on, the AAA Marks if the goods and services do not satisfy AAA's exacting criteria for quality and reliability.

82.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

83.     Defendants' violation of the statute has caused and continues to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and confusing the public.

## COUNT VI

### New York Common Law Trademark Infringement

84.     AAA incorporates all the preceding paragraphs.

85.     Defendants' infringing use constitutes an infringement of AAA's common law rights in the AAA Marks because AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to the origin, sponsorship, or approval by AAA of the products and services provided by Defendants.

86.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

87.     These violations have caused and continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and confusing the public.

88.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT VII

### New York Common Law Unfair Competition

89.     AAA incorporates all the preceding paragraphs.

90.     Defendants' infringing use constitutes unfair competition because AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use in commerce of the AAA Marks represents a misappropriation of AAA's skill, expenditures, and labor in using and promoting the Marks.

91.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

92.     These violations have caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and confusing the public.

93.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT VIII

### New York Consumer Protection Act
### (N.Y. Gen. Bus. Law § 349)

94.     Defendants' infringing use violates the New York Consumer Protection Act, New York General Business Law Section 349, because it constitutes deceptive trade practices.

95.     Defendants' conduct is deceptive in violation of Section 349 because Defendants are willfully and deliberately misrepresenting to the public that their business is approved or endorsed by, or are otherwise affiliated with, AAA, when in fact it is not.  This conduct is likely to confuse, and may have already confused, the general public as to whether Defendants' business is approved or endorsed by, or are otherwise affiliated with, AAA.  As a direct and proximate result of Defendants' deceptive trade practices, members of the general public have mistakenly believed, and will likely continue to believe, that Defendants' business is approved or endorsed by, or otherwise affiliated with, AAA.

96.     Defendants' conduct is unlawful in violation of Section 349 because it violates, among others, Sections 32, 43(a), and 43(c) of the Federal Trademark Act ("Lanham Act"), 15 U.S.C. § 1114, 1125(a) and (c), New York General Business Law Sections 360(l), and New York common law as described above.

97.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

98.     Defendants' violation of the statute has caused and continues to cause irreparable damage to AAA and the public, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and confusing the public.

99.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

100.    As a direct, proximate, and foreseeable result of the Defendants' wrongful conduct, as alleged above, AAA has been injured and has lost, and continues to lose, income it otherwise would have received from its customers.  AAA is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of such unfair business acts or practices.

## PRAYER FOR RELIEF

Wherefore, Plaintiff AAA requests that this Court enter judgment in its favor on all counts of this Complaint and grant AAA the following relief:

1.     Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

a)   Using without the authorization of AAA any of the AAA Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of the AAA Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods or services sold or distributed by the Defendants, or in any other manner; and

b) Using any combination of multiple letter "A's" in any form or manner that would tend to identify or associate Defendants, their business, or their services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2.      Require Defendants, pursuant to 15 U.S.C. § 1118 and New York law, to destroy and/or change all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationary, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.      Require Defendants to cancel or amend any business name, trade name, license, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, the NYS Department of State registration for AAA Auto & Truck Service LLC;

4.      Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

5.      Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117 and New York law;

6.      Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks pursuant to 15 U.S.C. § 1117 and New York law;

7.      Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and New York law;

8.      Award AAA statutory damages in the amount of $100,000 per infringing domain name pursuant to 15 U.S.C § 1117(d), or some other amount as the Court considers just;

9.      Award prejudgment interest on all liquidated sums; and

10.     Award such other and further relief as the Court deems just and proper.


November 13, 2017                              Respectfully submitted,

                                               s/ Neil K. Roman
                                               NEIL K. ROMAN
                                               COVINGTON & BURLING LLP
                                               The New York Times Building
                                               620 Eighth Avenue
                                               New York, NY 10018-1405
                                               212.841.1000
                                               nroman@cov.com

                                               ROBERT N. HUNZIKER, JR.
                                               COVINGTON & BURLING LLP
                                               One CityCenter
                                               850  Tenth Street, NW
                                               Washington, DC 20001-4956
                                               202.662.6000
                                               rhunziker@cov.com

                                               *Counsel for The American Automobile Association, Inc.*